DECISION
This appeal concerns entitlement to a veteran's property tax exemption for the 2008-09 tax year. The residential property is identified as Account 0728087 in the Lane County tax records.
A case management conference was held August 5, 2008. Ronald J. Lechnyr appeared on his own behalf. Joyce Kehoe, Exemption Specialist, represented Defendant. Subsequently, written submissions were filed; the record closed May 5, 2009.
 I. STATEMENT OF FACTS
Plaintiff served as an active duty commissioned officer in the United States Public Health Service (PHS). That government branch was formed in 1798 and has provided over 200 years of service to war-related (and other) armed-services situations.
Plaintiff was on active duty from September 2, 1967, until June 4, 1976. He reached the rank of Lieutenant Commander — 04. His assigned duties included work at PHS hospitals and medical centers. He assisted returning Viet Nam war participants suffering from various traumatic experiences and afflictions. *Page 2 
Plaintiff is certified by the U.S. Veteran's Affairs (VA) as having a disability of 50 percent that is service-related. He is eligible for free VA medical care and is identified as an individual being "service connected." An official VA notice dated April 28, 2009 (and effective during the period pertinent to this appeal) was sent to Plaintiff. (Ptf s Ltr at 2, May 5, 2009.) It explained that the summary of benefits letter was to:
 "use in applying for benefits such as state or local property * * * tax relief * * * in which verification of VA benefits is required. * * * This letter is considered an official record of your VA entitlement." (Id.)
Plaintiff submitted an application to Defendant seeking a veteran's property tax exemption for the 2008-09 tax year; it was received on March 17, 2008. Defendant denied the claim on April 15, 2008, and stated that Plaintiff was not a war veteran for exemption purposes. No definitive authority, such as case law, was provided for that conclusion. (Pit's Compl at 4.) During the conference, Defendant made reference to advice received from the Oregon Department of Revenue (Department). No Department representative participated in this appeal; no legal authority was cited.
 II. ANALYSIS
ORS 307.250(1)(a)[1] states that:
 "(1) Upon compliance with ORS 307.260, there shall be exempt from taxation not to exceed $15,000 of the assessed value of the homestead or personal property of any of the following residents of this state other than those described in subsection (2) of this section:
 "(a) Any war veteran who is officially certified by the United States Department of Veterans Affairs or any branch of the Armed Forces of the United States as having disabilities of 40 percent or more." (Emphasis added.) / / / / / / *Page 3 
ORS 174.105(1) defines a "war veteran" as:
 "(1) As used in the statute laws of this state, unless the context or a specially applicable definition requires otherwise, `war veteran' includes any citizen of the United States who has been a member of and discharged or released under honorable conditions from the Armed Forces of the United States of America, and:
 "* * *
 "(a) The service was for not less than 210 consecutive days any part of which was subsequent to January 31, 1955."
The key issue raised by Defendant in its denial letter is whether the PHS is part of the Armed Forces of the United States of America.
When analyzing a statute, the court construes it according to the framework set out in PGE v. Bureau of Labor and Industries (PGE),317 Or 606, 859 P2d 1143 (1993). Under PGE, the court is responsible for determining the intent of the legislature. Id. at 610. The first step in determining intent is to analyze the statute's text and context. Id. Only when the text and context of a statute are ambiguous should the court resort to the legislative history. Id. at 611-12. To determine the meaning of a statute, the court first looks to its plain meaning and interprets words of common usage to give them their "plain, natural, and ordinary meaning." Id. at 611. In addition, the court should not "insert what has been omitted." Id.
The format and language of ORS 174.105(1) clearly indicate that the legislature intended the definition to be broad and all-inclusive. There are no severe limiting restrictions on the description and class of veterans the exemption seeks to benefit.
As described in the writings in this record, there is no discernable difference between PHS and the other more commonly defined military branches. During Plaintiff's time of service, he executed critical work with returning, damaged soldiers. The Veteran's Administration does not discriminate between service men and women who served important roles with PHS as *Page 4 
opposed to those who served in a different color uniform or answered to another type of commander.
For purposes of the Oregon disabled veteran's property tax exemption, the court finds that the intent and reach of the statute includes those that have served their country in the U.S. Public Health Service Commissioned Corp.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is granted.
Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 19,2009. The Court filed and entered this document on June 19, 2009.
[1] All references to the Oregon Revised statutes (ORS) are to 2007. DECISION TC-MD 080653B 2 *Page 1